Maeíin, J.
delivered the opinion of the court.
[510] The defendant is appellant from a judgment making absolute a rule taken on him as sheriff of the parish of Orleans, to show cause why judgment should not be entered against him in favor of the plaintiffs, for the amount of a judgment which they had obtained against one ITenry S. Dawson, with interest and costs; because of his failure, as sheriff, to make a timely return of a capias ad satisfaciendum, placed in his hands against said Dawson.
This rule was taken on the 21st April, 1840, under the 17th section of the Act of 1826, which makes it the duty of sheriffs to return the writs directed to them into the clerk’s office, on or before the return day; and in default thereof, renders them liable to the parties entitled to the benefit of said writs, for the full amount specified therein.
The record shows that the capias ad satisfaciendum in this case, issued on the 12st February, 1840, returnable on the third Monday of April following, which was the 20th day of the month. Op the 16th April, four days before the return day of the writ, the act of the legislature abolishing the capias ad satisfaciendum, was promulgated; and we have held in the cas,e of Oooper *309 against Hodge who was the hail of Hunt, just decided, Ante, 476, that writs of capias ad satisfaciendum in the hands of the sheriff not executed, at the time the act in question was promulgated, became absolute nullities. The attempt to execute them would make the sheriff a trespasser. The return of such a writ non est inventus, would not enable the plaintiff to proceed against the bail. And the plaintiff in this case being without any interest in having the writ of ca. sa. returned, cannot complain of any laches of the ■sheriff on the ground that it was not returned in time. Indeed on an examination of the evidence, it by no means appears clearly that the writ was not timely returned.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be [511] judgment for the defendant with costs in both courts.